# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Sean I. ZOBITZ
### Seaman (E-3), U.S. Coast Guard

## CGCMS 24442

## Docket No.  1341

## 6 April 2011

Special Court-Martial convened by Commander, Telecommunication and Information Systems Command.  Tried at Fort Belvoir, Virginia, on 29 June 2010 and Norfolk, Virginia, on 2 July 2010.

| | |
|---|---|
| Military Judge: | CDR Michael C. Wessel, USCG |
| Trial Counsel: | LCDR Eric D. Masson, USCG |
| Civilian Defense Counsel | Mr. Daniel Marino |
| Military Defense Counsel: | LT Justin Pasay, JAGC, USN |
| Appellate Defense Counsel: | LCDR Shadrack L. Scheirman, USCG |
| Appellate Government Counsel: | LT Herbert C. Pell, USCGR |

## BEFORE
## McCLELLAND, LODGE & SELMAN
### Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification each of wrongful use of cocaine and marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ); one specification of larceny, in violation of Article 121, UCMJ; and one specification of fleeing the scene of an accident, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for ninety days, reduction to E-1, and a fine of $2,000.  In accordance with the pretrial agreement,

the Convening Authority disapproved confinement in excess of fifty-nine days, and otherwise approved the sentence.

Before this court, Appellant has assigned two errors: (1) the Government's failure to provide Appellant with the proper uniform or make the required command visits during pretrial confinement as well as requiring Appellant to appear at his Article 32 in restraints amounted to illegal pretrial punishment under Article 13; and (2) the Government violated Appellant's Constitutional rights when an agent from Coast Guard Investigative Service illegally entered his home.[1]  We reject both issues and affirm.

The issue of pretrial punishment, and possible credit therefor, was explicitly waived by the defense.  (R. at 166-67.)  The military judge inquired extensively into Appellant's understanding of the waiver, and ascertained that he understood and agreed to it.  (R. at 173-80.)  Appellant described the circumstances asserted as pretrial punishment during his unsworn statement before sentencing, and counsel argued it in mitigation.  (R. at 474-80, 522-25.)

Concerning the asserted illegal entry into his home, the record of trial is devoid of evidence or any mention of such an event.[2]  Appellant does not claim that the asserted event had any legal consequences or significance to his case.  The Government concedes that an event occurred, but claims that it was not relevant to the case, having produced no evidence, and Appellant does not attempt to refute this.

Appellant requests that this court use its power under Article 66(c), UCMJ, to disapprove the bad-conduct discharge, because of the Government's repeated failure to respect his rights under the UCMJ and the Constitution.  We are not moved to do so.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the

---

[1] Both assignments of error were submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).
[2] The event was mentioned during the Article 32 investigation on 21 June 2010 (transcript at 87-88, 116-17).

entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

John T. Ure
Deputy Clerk of the Court